The STATE of Texas et al., Appellants,

v.

Lena Campise ANGIE et al., Appellees.

No. 4722.

Court of Civil Appeals of Texas.

Waco.

Aug. 15, 1968.

Rehearing Denied Sept. 12, 1968.

**432**

———◆———

Haley, Fulbright, Winniford, Sessions & Bice, Waco, for appellants.

Sam R. Jones, Dunnam, Dunnam & Dunnam, Waco, for appellees.

## OPINION

McDONALD, Chief Justice.

This is a condemnation case wherein the State of Texas condemned two parcels of land totalling 12.555 acres, with improvements thereon, out of a 42.2 acre tract, belonging to Lena Campise Angie. Trial to a jury resulted in a verdict of $60,000 for the land taken. The trial court rendered judgment on the verdict for defendants for $24,850 ($60,000 less $35,150 deposited by the State after award by the Commissioners).

Plaintiff appeals on 6 points, contending among other things:

"2) The trial court erred in not permitting Walstein Smith to explain that the $500 for his appraisal in this case included appraisal of the land taken, as well as an apprisal of the value of the remaining tract before the taking and an appraisal of the remaining tract after the taking."

On the morning of the trial, defendants amended, omitting any claim for damage to the residue. Defendants further filed motion in limine, which the court sustained, and instructed plaintiffs not to allude to or mention the fact that there exists a remainder to the property being taken. Plaintiffs then filed first motion for continuance, contending surprise at defendants' change in theory of recovery. Prior to filing their amended pleading, defendants were seeking damages for both the land taken, and damages to the remainder by virtue of the taking. The trial court overruled plaintiffs' motion for continuance, and the case proceeded to trial. Defendants' witnesses LeBlond and Dickens testified the property taken was worth $91,400 and $92,814. Plaintiffs' witnesses Donaldson and Smith testified the property taken was worth $31,305, and $34,700. The jury awarded $60,000.

Defendants' counsel asked plaintiffs' witness Smith how much he was paid in this case. Smith answered: "I would say $500 to make the appraisal"; and he thereafter testified he was to be paid $250 for testifying in court, and that he had made about 40 appraisals in the last year. Plaintiffs' counsel (in view of the order in limine, not to mention the remainder, which had been a part of the case originally) requested the Court to examine the witness Smith outside the presence of the jury to explain his $500 appraisal fee. On such examination the witness testified the $500 was his fee for appraising the entire tract—the land taken, as well as the value after remainder before and after the taking; that his charge for appraising only the land taken would have been $250. Counsel for plaintiff then moved the court to admit the foregoing testimony to the jury, which motion the trial court overruled.

Thereafter counsel for defendant argued to the jury:

"(Smith) said he didn't know how many he had worked on in the last year, but he had estimated about 40, and I can tell this jury that's very, very conservative. All right. Let's look at that—forty in a year. This case right here he's being paid $750

for it. He's a man who works for it; a man like this last year made in excess of $25,000 taking people's property.

"All right. Is a man like that going to come in—what's going to be his major interest? He is going to please his master. It's a fundamental rule, whoever you work for, you are going to try to please them; or you're not going to work for them any longer.

"So this man, Mr. Walstein Smith, and I can assure you that's a very conservative figure has made in excess of $25,000 from the State of Texas."

Counsel for plaintiff objected to the foregoing argument, which objection was sustained.

We think the trial court should have permitted the witness Smith to explain his $500 appraisal fee. Had he done so he would have ascribed only $250 to appraising the property here involved.

We think that the court's refusal to permit such explanation was error and probably resulted in the witness Smith and his testimony being discredited before the jury, and requires a reversal. Rule 434, Texas Rules of Civil Procedure.

Smith was one of the plaintiffs' most important witnesses. The error here committed discredited the witness and his testimony, and in our view was so prejudicial that it probably resulted in the plaintiff not having the fair trial to which it was entitled, and probably caused the rendition of an improper verdict and judgment.

The jury argument supra (while objection was sustained thereto) is illustrative of the vice which flowed from the error of not permitting the witness to explain his testimony regarding his appraisal fee.

Contention 2 is sustained. We do not pass on the other points since in view of a new trial their subject matter will probably not arise again.

Reversed and remanded.

CONCURRING OPINION

WILSON, Justice.

I concur; but in my opinion a postponement should have been granted after appellee filed amended pleadings which changed the complexion of the case, and appellee's motion in limine was sustained. This posture of the case made it impossible for appellants to mend or defend the attack on witness credibility.

The jury argument emphasizes the result. The argument itself might be said to have justification in the record, as to the charges for services made by the witness Smith. As the record was imposed on appellants the basis for objection to the argument had been destroyed. In addition, by virtue of the record status, appellee was able to argue: "She lost all of her property out there," notwithstanding there was a remainder tract to which appellant had been instructed not to refer.